David K. Eldan, Admitted *Pro Hac Vice*
deldan@pmcos.com
PARKER, MILLIKEN, CLARK, O'HARA &
SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, CA 90071-2440
Telephone:    (213) 683-6500

Teresa H. Pearson, P.C., OSB No. 953750
teresa.pearson@millerash.com
David W. Hercher, P.C., OSB No. 812639
dave.hercher@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Fax: 503.224.0155

Attorneys for Pacific Western Bank and Coastline
RE Holdings Corp.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**FAGERDALA USA – LOMPOC, INC.,**<br><br>Debtor. | Case No. 14-34642-tmb11<br><br>Chapter 11<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

## Part 1. <u>Identify the appellant(s)</u>

1.      Name(s) of appellant(s): Pacific Western Bank and Coastline RE Holdings Corp.

**Page 1 of 3**   Notice of Appeal and Statement of Election

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70050603.2
226900.0008
9/22/15 1:04 PM

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (described): _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☒ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2. Identify the subject of this appeal.

1. Describe the judgment, order, or decree appealed from: (1) Order Granting Motion to Designate Votes [Dkt. #178] and (2) Order Confirming Fourth Amended Plan of Reorganization [Dkt. #185].

2. State the date on which the judgment, order, or decree was entered: (1) Order Granting Motion to Designate Votes, was entered on September 9, 2015 [Dkt. #178], and (2) Order Confirming Fourth Amended Plan of Reorganization, was entered on September 14, 2015 [Dkt. #185].

Copies of the orders appealed from are attached hereto.

## Part 3. Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Pacific Western Bank and Coastline RE Holdings Corp. (appellants)

Attorney: David K. Eldan, Admitted *Pro Hac Vice*
Parker, Milliken, Clark, O'Hara & Samuelian
A Professional Corporation
555 S. Flower Street
Los Angeles, California 90071-2440
(213) 683-6500

Teresa H. Pearson, OSB #953750
David W. Hercher, OSB #812639
Miller Nash Graham & Dunn LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204-3699
(503) 224-5858

**Page 2 of 3** Notice of Appeal and Statement of Election

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70050603.2
226900.0008
9/22/15 1:04 PM

Case 14-34642-tmb11 Doc 188 Filed 09/22/15

2. Party    Fagerdala USA – Lompoc, Inc. Attorney:   Douglas R. Pahl
           (appellee)                     Perkins Coie LLP
                                    1120 N.W. Couch Street, 10th Floor
                                    Portland, Oregon 97209-4128
                                    (503) 727-2087

**Part 4. Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 168(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

     ☒   Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5. Sign below**

_/s/ Teresa H. Pearson_                             Date: September 22, 2015
Signature of attorney for appellant(s)(or
appellant(s) if not represented by an attorney

Name, address, and telephone number of
attorney (or appellant(s) if not represented by an
attorney):

David K. Eldan, Admitted _Pro Hac Vice_
Parker, Milliken, Clark, O'Hara & Samuelian
A Professional Corporation
555 S. Flower Street
Los Angeles, California 90071-2440
(213) 683-6500

Teresa H. Pearson, OSB #953750
David W. Hercher, OSB #812639
Miller Nash Graham & Dunn LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204-3699
(503) 224-5858

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**Page 3 of 3**    Notice of Appeal and Statement of Election

70050603.2
226900.0008
9/22/15 1:04 PM

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

1   Below is an Order of the Court.

2

3

4

5

6                                    _Trish M Brown_
                                    TRISH M. BROWN
7                                   U.S. Bankruptcy Judge

8              UNITED STATES BANKRUPTCY COURT

9              FOR THE DISTRICT OF OREGON

10  In re

11  Fagerdala USA - Lompoc, Inc.,          Case No.  14-34642-tmbll

12                          Debtor.        **ORDER GRANTING MOTION TO**
                                           **DESIGNATE VOTES**

13          THIS MATTER came before the Court on the Motion to Designate Votes (ECF No. 127)

14  (the "Motion") filed by the debtor Fagerdala USA – Lompoc, Inc. ("Debtor").  The Court,

15  having reviewed the Motion, the Debtor's further submissions in support of the Motion,

16  Coastline RE Holdings Corp's Objection to Debtor's Motion to Designate Votes; Memorandum

17  of Points and Authorities; Declaration of Jeffrey A. Goddard (ECF No. 136); Coastline's further

18  submissions in opposition to the Motion; the evidence adduced and the presentations of counsel

19  during hearings before the Court on June 10, 2015, August 25, 2015 and September 1, 2015, and

20  the files and records herein, and based upon the Court's findings of fact and conclusions of law

21  set forth on the record during the September 1, 2015 hearing:

22          IT IS HEREBY ORDERED:

23          1.      The Motion is GRANTED.

24          2.      The votes cast in relation to the eleven Class 4 unsecured claims purchased by

25  Coastline, identified at ECF Nos. 106 and 109, are hereby designated and disregarded in

26

PAGE  1-    ORDER GRANTING MOTION TO DESIGNATE VOTES

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126399224.1

1  connection with calculating votes for plan confirmation purposes.

2                                              # # #

3  I certify that I have complied with the requirements of LBR 9021-1(a)(2)(B).

4

5  **Presented by:**

6  PERKINS COIE LLP

7  By:/s/ Douglas R. Pahl
        Douglas R. Pahl, OSB No. 950476
8        DPahl@perkinscoie.com
   1120 N.W. Couch Street, Tenth Floor
9  Portland, OR  97209-4128
   Telephone:  503.727.2000
10 Facsimile:  503.727.2222

11 Attorneys for Fagerdala USA -Lompoc, Inc.

12 cc:    David K. Eldan
          David W. Hercher
13        M. Vivienne Popperl, U.S. Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE  2-    ORDER GRANTING MOTION TO DESIGNATE VOTES

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126399224.1

1   Below is an Order of the Court.

2

3

4

5

6                                         *Trish M Brown*
                                     _____
7                                         TRISH M. BROWN
                                         U.S. Bankruptcy Judge
8

9              UNITED STATES BANKRUPTCY COURT

10               FOR THE DISTRICT OF OREGON

11  | In re                                    | Case No. 14-34642-tmbll
12  | Fagerdala USA - Lompoc, Inc.,            | **ORDER CONFIRMING FOURTH
13  |                          Debtor.         | AMENDED PLAN OF
                                              | REORGANIZATION**
14

15

16         Fagerdala USA - Lompoc, Inc.  ("Fagerdala" or "Debtor"), attaches Fourth Amended

17  Plan of Reorganization (**Exhibit A**), dated September 11, 2015 (the "Plan").  A hearing on

18  confirmation of the Second Amended Plan of Reorganization, dated June 2, 2015, (ECF No.

19  116), was held on June 10, 2015 at 9:30 a.m.; and continued on August 25, 2015 regarding Third

20  Amended Plan of Reorganization, dated August 24, 2015, (ECF No. 168); and continued on

21  September 1, 2015, with Douglas R. Pahl of Perkins Coie LLP appearing for Debtor; David

22  Hercher of Miller Nash LLP and David Eldan of Parker, Milliken, Clark, O'Hara & Samuelian, a

23  P.C., appearing for Coastline RE Holding Corp. and Pacific West Bank ("Coastline") (with Mr.

24  Eldan appearing in person on June 10, 2015 and August 25, 2015 and by phone on September 1,

25  2015); and other appearances having been made as set forth in the record.

26

PAGE 1-   ORDER CONFIRMING FOURTH AMENDED
          PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL127582470.2
Case 14-34642-tmb11    Doc 188    Filed 09/14/15

The Court, having considered the Plan, the Third Amended Disclosure Statement (ECF No. 117), Debtor's Memorandum in Support of Confirmation of Plan (ECF No. 160), Debtor's Supplemental Memorandum in Support of Confirmation (ECF No. 171), Order Granting Motion to Designate Votes, the pleadings and papers filed in connection with confirmation, the evidence and arguments presented at or before the hearing in support of and in opposition to the Plan and associated motions; hereby finds as follows:

A.      The Plan has been proposed in good faith and not by any means forbidden by law.

B.      The Disclosure Statement was properly disseminated to all known parties in interest in accordance with applicable law.

C.      Notice of the confirmation hearing, and all dates and deadlines relating thereto, was reasonable and appropriate under all of the circumstances.

D.      Acceptance of the Plan was solicited in good faith and by means of a Disclosure Statement which contained "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

E.      The Plan has been accepted in writing by an impaired class of creditors.

F.      The provisions of Title 11 of the Bankruptcy Code have been complied with, and the proponent of the Plan has complied with all applicable provisions of Title 11.

G.      Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

H.      The Plan is feasible and Debtor has sufficient funds to pay all administrative expense and priority claims in full, including any and all taxes that might be determined to be due and owing.

I.      The Plan does not discriminate unfairly and is fair and equitable.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL127582470.2

Case 14-34642-tmb11     Doc 188     Filed 09/22/15

1         J.      All other requirements for confirmation of a plan set forth in section 1129

2 of the Bankruptcy Code have been satisfied.

3         K.      The interests of creditors and interest holders, and the interests of justice,

4 require that the Plan be confirmed as prayed.

5         L.      There are no unpaid fees due to the Clerk.

6    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS

7 FOLLOWS:

8    1.      The Plan is confirmed.

9    2.      Based on evidence provided, the Court finds the Plan is feasible, that a substantial

10 likelihood exists that Debtor will be able to satisfy its obligations under the Plan, and that each

11 impaired class of claims has either accepted the Plan or will receive or retain value not less than

12 the value they would receive in liquidation.

13    3.      On the Effective Date, as defined in the Plan, the Plan and its provisions shall be

14 binding upon Debtor, any entity acquiring property under the Plan, any holder of a claim against

15 or interest in Debtor, and any other party in interest in this case whether or not the claim or

16 interest of such creditor or interest holder is impaired under the Plan and whether or not such

17 creditor or interest holder has or is deemed to have accepted the Plan.

18    4.      Subject to the limitations stated by the Court on the record, the Court shall and

19 hereby does retain jurisdiction over these proceedings pursuant to and for the purposes of

20 Sections 105(a) and 1127 of the Bankruptcy Code, for the purposes set forth in Section 9.3 of the

21 Plan, and for such other purposes as may be necessary or useful to aid in the confirmation or

22 consummation of the Plan and implementation of the Plan as set forth therein.

23    5.      All executory contracts and unexpired leases of Debtor that were not assumed by

24 Debtor by prior Order of the Court or in the Plan are hereby rejected as of the Effective Date,

25 with rejection damages as provided in the Plan.

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL127582470.2

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1   6.    Notwithstanding any other provision of the Plan, the Loan Modification (as that

2   term is defined in the Plan), or this order (1) nothing in the Plan, the Loan Modification, or this

3   order affects Coastline's rights against guarantors or other third parties or the rights of guarantors

4   or other third parties against Coastline; (2) on the Effective Date, the Loan Modification shall be

5   fully effective and enforceable without signature; and (3) Plan section 3.1.2(g) and Loan

6   Modification section 7 apply only to costs or expenses incurred after the Effective Date.

7                                           # # #

8   I certify that I have complied with the requirements of LBR 9021-1(a)(2)(B) and LBR
    9021-1(a)(3).  Coastline does not object to the form of this order.

9

    Presented by:
10

11  **PERKINS COIE** LLP

12  By: /s/ Douglas R. Pahl
13       Douglas R. Pahl, OSB No. 950476
         DPahl@perkinscoie.com
14  1120 N.W. Couch Street, Tenth Floor
    Portland, OR  97209-4128
15  Telephone:  503.727.2000
    Facsimile:  503.727.2222

16  Attorneys for Debtor
    Fagerdala USA - Lompoc, Inc.
17

18

19

20

21

22

23

24

25

26

PAGE  4-   ORDER CONFIRMING FOURTH AMENDED
           PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL127582470.2

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1  Douglas R. Pahl, OSB No. 950476
   DPahl@perkinscoie.com
2  PERKINS COIE LLP
   1120 NW Couch Street, 10th Floor
3  Portland, Oregon 97209
   Telephone: 503-727-2000
4  Facsimile: 504 346-2222

5

   Attorneys for Debtor
6  Fagerdala USA - Lompoc, Inc.

7

8

9                    UNITED STATES BANKRUPTCY COURT

10                    FOR THE DISTRICT OF OREGON

11  In re

12  Fagerdala USA - Lompoc, Inc.,                Case No.  14-34642-tmbll

13                            Debtor.             Chapter 11

                                                 **FOURTH AMENDED PLAN OF
14                                               REORGANIZATION**

15        Fagerdala USA - Lompoc, Inc. proposes the following fourth amended plan of

16  reorganization pursuant to section 1121(a) of the Bankruptcy Code.

17        **On June 10, 2015, the Court approved the Debtor's Third Amended Disclosure**

18  **Statement ("Disclosure Statement") (Dkt. No. 117).  The Disclosure Statement contains a**

19  **discussion of the debtor's prepetition and postpetition activities and a summary and**

20  **analysis of this Plan.**

21                            **ARTICLE 1**
                **DEFINITIONS AND RULES OF CONSTRUCTION**
22

23        Whenever from the context it appears appropriate, each term stated in either the singular

    or the plural shall include the singular and the plural, and pronouns stated in the masculine,
24
    feminine or neuter shall include the masculine, feminine and the neuter.  The words "herein,"
25
    "hereto," "hereof," "hereunder" and others of similar import refer to this Plan as a whole and not
26

                                        **Perkins Coie LLP**
                                1120 N.W. Couch Street, Tenth Floor
                                     Portland, OR  97209-4128
114796-0001/LEGAL126090514.4          Phone:  503.727.2000
                              Exhibit A to Order   Fax:  503.727.2222
                                 Page 1 of 33

to any particular article, section, subsection, or clause contained in this Plan. Any term used in this Plan that is not herein defined but is used in the Bankruptcy Code shall have the meaning assigned to the term in the Bankruptcy Code.

The rules of construction used in section 102 of the Bankruptcy Code will apply to the construction of this Plan.

Unless the context requires otherwise, the following words and phrases shall have the meaning set forth below when used in initially capitalized form in this Plan:

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving the Estate and operating the businesses of the Debtor, including wages, salaries, or commissions for services rendered after the Petition Date, compensation for legal and other services and reimbursement of expenses awarded under section 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against the Estate under section 1930 of title 28 of the United States Code, and all fees and charged assessed against the Estate under section 1930 of title 28 of the United States Code.

**"Allowed"** means with respect to Claims: (i) any Claim against the Debtor, proof of which is timely Filed, or which by order of the Bankruptcy Court is not or will not be required to be Filed; or (ii) any Claim that has been or is hereafter listed in the Schedules Filed by the Debtor as liquidated in amount and not disputed or contingent and in each case as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (b) such an objection is so interposed and the Claim will have been allowed by a Final Order (but only to the extent so allowed), or (iii) any Claim Allowed pursuant to this Plan. A Claim is not an Allowed Claim merely because it has been described, treated or defined in this Plan. Except as specifically provided, an Allowed Claim will not include interest on the principal amount of such

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Claim from and after the Petition Date. Notwithstanding the foregoing, Claims will be Allowed to the extent that this Plan provides that they are deemed Allowed.

**"Avoidance Actions"** means all avoidance claims arising under Chapter 5 of the Bankruptcy Code or otherwise and the proceeds thereof, of whatever kind or nature, and whether asserted or unasserted, including, but not limited to, all avoidance actions instituted pursuant to sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

**"Bankruptcy Case"** means *In re Fagerdala USA – Lompoc, Inc.*, Case No. 14-34642, currently pending in the Bankruptcy Court.

**"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time, as applicable to the Bankruptcy Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the District of Oregon.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, as amended from time to time, and any and all applicable local rules of the Bankruptcy Court, as the same may from time to time be in effect and applicable to the Bankruptcy Case and other related proceedings.

**"Bar Date"** means December 17, 2014, the date set pursuant to the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines (ECF No. 4) as the last date to file proofs of claim against the Debtor.

**Business Day"** means any day other than a Saturday, Sunday or a "legal holiday" listed in Bankruptcy Rule 9006(a).

**"Cash"** means legal tender issued by the government of the United States of America irrespective of the method of payment.

**"Causes of Action"** means any and all causes of actions of the estate, of whatever kind or nature, and whether asserted or unasserted, including, without limitation Avoidance Actions.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Claim"** means (i) a right to payment from the Estate (including, without limitation, a guaranty), whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance from the Estate if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**"Class"** means a Class of Claims or Interests, as described in Article 3 of this Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

**"Coastline"** means Coastline RE Holdings Corp., the holder of the secured Class 1-A Claim and the Class 1-B Coastline Purchased Claims. Pacific Western Bank is the loan servicer and representative for Coastline RE Holdings Corp. in connection with its Claims in this case.

**"Coastline Claim"** means the secured Class 1-A Claim of Coastline RE Holdings Corp.

**"Coastline Loan Documents"** means that certain Promissory Note in the original principal amount of $4,030,000.00, dated as of December 17, 2003, made by Debtor to the order of Foothill Independent Bank, and that certain Deed of Trust of even date therewith, for the benefit of Foothill Independent Bank, and recorded in the Official Records of Santa Barbara County (California) as Instrument Number 2003-0172587, that certain Assignment of Rents of even date therewith, for the benefit of Foothill Independent Bank, and recorded in the Official Records of Santa Barbara County (California) as Instrument Number 2003-0172588, and all other associated instruments and documents.

**"Coastline Purchased Claims"** means the Class 1-B Claims, comprised of eleven Claims purchased by Coastline and identified in notices of transfer at ECF Nos. 106 and 109.

**"Confirmation"** means the entry of the Confirmation Order by the Bankruptcy Court confirming this Plan.

**"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket maintained by the Bankruptcy Court.

PAGE 4- FOURTH AMENDED PLAN OF REORGANIZATION

114796-0001/LEGAL126090514.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit A to Order
Page 4 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

"**Confirmation Order**" means the order of the Bankruptcy Court confirming this Plan under section 1129 of the Bankruptcy Code.

"**Creditor**" means an entity with a Claim against the Debtor, consistent with the definition set forth in section 101(10) of the Bankruptcy Code.

"**Cure**" means the distribution of Cash, or such other property or undertaking as may be agreed on by the parties, with respect to the assumption of an executory contract or unexpired lease under section 365(b) of the Bankruptcy Code, in an amount equal to all accrued, due and unpaid monetary obligations, without interest, as of the Effective Date, or such other amount as may be agreed on by the parties, under such executory contract or unexpired leases, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

"**Debtor**" means Fagerdala USA - Lompoc, Inc.

"**Disclosure Statement**" means the disclosure statement, dated April 27, 2015, as amended, supplemented or modified from time to time, describing the Debtor's Plan of Reorganization dated April 27, 2015, prepared in accordance with section 1126(b) of the Bankruptcy Code.

"**Disputed Claim**" means (i) a Claim against the Debtor that was not timely Filed; (ii) a Claim against the Debtor, to the extent that a proof of Claim has been timely Filed or deemed timely Filed under applicable law, as to which an objection has been timely Filed by the Debtor or any other party in interest and which objection has not been withdrawn and has not been denied by a Final Order; (iii) a Claim for which no proof of claim was Filed and that was listed in the Schedules as contingent, disputed or unliquidated; and (iv) the Claim of any creditor appealing the Confirmation Order.

"**Distribution Date**" means as to each Class of Claims, the date on which distributions are to be made as set forth in this Plan.

"**Effective Date**" means the day that (i) is at least fifteen days after the Confirmation Date and (ii) all conditions precedent to this Plan as set forth in Section 7.1 have been satisfied,

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

or, if such date is not a Business Day, the next succeeding Business Day; provided, that if a stay of the Confirmation Order is then in effect, the Effective Date will be the first Business Day after the stay is lifted.

"**Entity**" means any individual, corporation, limited liability company or similar entity, limited or general partnership, joint venture, association, joint stock company, estate, entity, trust, trustee, U.S. Trustee, unincorporated organization, government, governmental unit (as defined in the Bankruptcy Code), agency or political subdivision thereof.

"**Equity Interest**" means any equity interest in the Debtor represented by any certificated or uncertificated shares or membership interest issued to any person before the Effective Date, and any warrants, options, or rights to purchase any equity interest in the Debtor.

"**Estate**" means the estate of the Debtor created by section 541 of the Bankruptcy Code, including all Causes of Action.

"**Fee Claim**" means a Claim under sections 326, 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Bankruptcy Case.

"**Filed**" means filed with the Bankruptcy Court in the Bankruptcy Case.

"**Final Order**" means an order, ruling or judgment that is no longer subject to review, reversal, modification or amendment by appeal or writ of certiorari.

"**Loan Modification**" means the agreement amending the Coastline Loan Documents, in substantially the form attached hereto as **Exhibit 1**.

"**Maxwell Morgan Subordinated Secured Claim**" means the scheduled Allowed $1.5 million secured claim of Maxwell Morgan that is subject to a subordination agreement with Pacific Western Bank.

"**Maxwell Morgan Unsecured Claim**" means the scheduled Allowed unsecured claim of Maxwell Morgan in the amount of $6,551,409.

"**Petition Date**" means August 18, 2014, the date this Bankruptcy Case was commenced.

PAGE 6- FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**"Plan"** means this chapter 11 plan of reorganization together with all exhibits and attachments hereto, either in its present form or as it may be altered, amended or modified pursuant to section 9.2 of this Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**"Priority Claim"** means any Claim, other than a Priority Tax Claim or an Administrative Claim, which is entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**"Priority Tax Claim"** means any Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**"Pro Rata"** means at any particular time, with respect to each Class of Claims, the same proportion that the Allowed amount of a Claim in such Class of Claims bears to the aggregate of: (i) the Allowed amount of all such Claims, <u>plus</u> (ii) the aggregate asserted amount of all Disputed Claims of such Class of Claims, as reduced from time to time as and to the extent that the Allowed amount of such Claim is determined.

**"Rejection Claim"** means a Claim arising from the Debtor's rejection of an executory contract or unexpired lease either during the Chapter 11 Cases or under the Plan, other than a Claim for unpaid rent or contract payments arising under a rejected executory contract or unexpired lease after the Petition Date and before the effective date of the rejection of that contract or lease.

**"Reorganized Debtor"** means Debtor after the Effective Date.

**"Schedules"** means the schedules of assets and liabilities Filed by the Debtor with the Bankruptcy Court in accordance with section 521(a)(1) of the Bankruptcy Code, including any supplements or amendments made thereto pursuant to Bankruptcy Rule 1009.

**"Secured Claim"** means any Claim that is secured by a validly existing and properly perfected security interest, either by deed of trust, mortgage or financing statement, or pursuant to applicable law, in property of the Debtor.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

"**Unsecured Claims**" means all Allowed Claims not otherwise classified or designated in this Plan.

"**U.S. Trustee**" means the Office of the United States Trustee.

### ARTICLE 2
### PROVISIONS FOR TREATMENT OF ADMINISTRATIVE
### AND PRIORITY TAX CLAIMS

2.1     **Unclassified Claims**. Under Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims are not classified for purposes of voting on, or receiving distributions under, the Plan. Holders of Administrative Claims and Priority Tax Claims are not entitled to vote on the Plan but, rather, are treated separately in accordance with this article and under Bankruptcy Code § 1129(a)(9)(A).

2.2     **Administrative Claims**. Each Allowed Administrative Claim (other than a Fee Claim) is paid in full in Cash (or otherwise satisfied in accordance with its terms) on the latest of: (a) the Effective Date, or as soon after that date as feasible; (b) any date the Bankruptcy Court may fix, or as soon after that date as feasible; (c) 30 days after the Claim is Allowed; and (d) any date on which the holder of the Claim and the Debtor or Reorganized Debtor agree; provided, however, that Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business of the Debtor will be paid in accordance with any terms and conditions of any agreement or order relating thereto.

2.3     **Professional Fees**. Each Allowed Fee Claim is paid in full in Cash on the latest of: (a) three Business Days after the Fee Claim is Allowed; and (b) another date on which the holder of the Fee Claim and the Debtor or Reorganized Debtor agree. Each Person seeking an award by the Bankruptcy Court of professional fees must File and serve on the Debtor or Reorganized Debtor its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date no later than 45 days after the Effective Date. The failure to timely file the fee application as required under this section will

PAGE 8-    FOURTH AMENDED PLAN OF REORGANIZATION

114796-0001/LEGAL126090514.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit A to Order
Page 8 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1 result in the Fee Claim being forever barred and discharged.  A Fee Claim with respect to which

2 a fee application has been properly Filed pursuant to this section will become an Allowed

3 Administrative Claim only to the extent allowed by Final Order.

4     **2.4**        **Priority Tax Claims**.  Except as provided in this section, all Allowed Priority

5 Tax Claims are paid in full in Cash on the latest of: (a) the Effective Date (or as soon after that

6 date as feasible); and (b) 30 days after the Claim is Allowed.  Reorganized Debtor may elect to

7 pay any Allowed Priority Tax Claim through regular installment payments in Cash of a total

8 value, as of the Effective Date, equal to the Allowed amount of the Claim, over a period ending

9 not later than five years after the Petition Date, and in a manner not less favorable than the most

10 favored Unsecured Claim provided for by the Plan.  Accordingly, if Reorganized Debtor so

11 elects, the installment payments will be made in the same manner as the installment payments

12 made on account of the Allowed Unsecured Claims in Class 4, beginning on the latest of: (a) the

13 Effective Date, or as soon after that date as feasible; (b) 30 days after the Claim is Allowed, or as

14 soon after that date as feasible; and (c) another date on which the holder of the Claim and the

15 Debtor or Reorganized Debtor agree. Reorganized Debtor retains the right to prepay any

16 Allowed Priority Tax Claim, or any remaining balance of such a Claim, in full or in part, at any

17 time on or after the Effective Date without premium or penalty.

18                              **ARTICLE 3**
   **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**
19
   **3.1**        **Class 1-A – Coastline Claim**.  Class 1-A consists of the allowed amount of
20
   the secured Coastline Claim.
21
        **3.1.1**     **Impairment and Voting**.  Class 1-A is impaired.  Coastline is entitled to
22
   vote on the Plan.
23
        **3.1.2**     **Treatment**.  The Class 1-A Claim will receive the following treatment:
24
             (a)        On the Effective Date, the Coastline Loan Documents shall be deemed to
25
   have been modified by the Loan Modification and this Plan.  The provisions of the Coastline
26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1  Loan Documents will remain unchanged, except as modified by the Plan and the Loan

2  Modification.  To the extent that the terms of the Plan differ from the Loan Modification, the

3  terms of the Plan shall control.

4          (b)     Through and including the sixtieth month following the Effective Date,

5  interest will accrue on the unpaid balance of the Class 1-A Claim at 6.25 percent per annum.

6          (c)     The Reorganized Debtor shall pay (on or before the fifth Business Day of

7  each month) interest-only payments commencing the first month following the Effective Date,

8  and continuing through and including the eighteenth month following the Effective Date.

9  Beginning the nineteenth month following the Effective Date, Reorganized Debtor shall pay (on

10  or before the fifth Business Day of each month) the amount that is necessary to fully amortize

11  the remaining unpaid amount of the Class 1-A Claim, in equal monthly installments of principal

12  and interest, over a period of twenty years.  On or before the last Business Day of the sixtieth

13  month following the Effective Date, Reorganized Debtor shall pay the entire unpaid balance of

14  principal and interest owing on the Class 1-A Claim.

15          (d)     Reorganized Debtor retains the right to prepay the Class 1-A Claim, in full

16  or in part, at any time on or after the Effective Date without premium or penalty.

17          (e)     As security for the repayment of the Class 1-A Claim under the Plan,

18  Coastline retains all liens and security interests in the Debtor's property existing on the Petition

19  Date.  Coastline is granted no liens or security interests in any other property of the Debtor or

20  Reorganized Debtor not existing on the Petition Date.

21          (f)     As set forth in the projections, the Debtor will make a cash payment to

22  Coastline on the Effective Date in the amount of $207,927.00.

23          (g)     Nothing herein affects Coastline's rights against guarantors or other third

24  parties or the rights of guarantors or other third parties against Coastline; provided, however, that

25  any costs and expenses incurred after the Effective Date shall not be recoverable from the

26  Reorganized Debtor.

PAGE  10-   FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

1   **3.2**      **Class 1-B – Coastline Purchased Claims**.  Class 1-B consists of the

2   Coastline Purchased Claims.

3      **3.2.1   Impairment and Voting**.  Class 1-B is impaired.  The holder of the

4   Allowed Class 1-B Claims is entitled to vote on the Plan.  However, because the Court granted

5   the Debtor's Motion to Designate Votes (ECF No. 127), the votes cast in connection with the

6   Coastline Purchased Claims will be disregarded.

7      **3.2.2   Treatment.**  Within sixty (60) days after the Effective Date, the

8   Reorganized Debtor shall pay to the holder of  the Allowed Class 1-B Claims, in Cash, the

9   amount of such Allowed Claim with 3% interest accruing from and after the Petition Date.

10     **3.3**      **Class 3 – Maxwell Morgan Subordinated Secured Claim**.  Class 3 consists

11  of the Allowed Subordinated Secured Claim of Maxwell Morgan, LLC.

12     **3.3.1   Impairment and Voting**.  Class 3 is impaired.  The Holder of the

13  Allowed Class 3 Claim is an insider and will not vote on the Plan.

14     **3.3.2   Treatment**.  The holder of the Class 3 claim retains all liens and security

15  interests in the Debtor's property existing on the Petition Date.  The holder of the Class 3 claim

16  is granted no liens or security interests in any other property of the Debtor or Reorganized

17  Debtor not existing on the Petition Date.  Interest will accrue on the unpaid principal balance of

18  the Allowed Class 3 Claim at the non-default rate specified in the governing loan documents.

19  Reorganized Debtor shall make no distributions in repayment of the Class 3 Claim until the

20  Class 1-A Coastline Claim is paid in full.  Thereafter, the Reorganized Debtor may, but is not

21  required to, make distributions in repayment of the Class 3 Claim if and only if the Reorganized

22  Debtor is not in default of its obligations under this Plan.

23     **3.4**      **Class 4 – General Unsecured Claims**.  Class 4 consists of all Allowed

24  Unsecured Claims, including the Maxwell Morgan Unsecured Claim.

25

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

1    **3.4.1    Impairment and Voting**.  Class 4 is impaired.  Holders of Allowed

2    Class 4 Claims are entitled to vote on the Plan, except that the holder of the Maxwell Morgan

3    Unsecured Claim, which will not vote.

4    **3.4.2    Treatment**.  Except the holder of the Maxwell Morgan Unsecured Claim,

5    within sixty (60) days after the Effective Date, the Reorganized Debtor shall pay to each holder

6    of an Allowed Class 4 Claim, in Cash, the amount of such Allowed Claim with 3% interest

7    accruing from and after the Petition Date.  Once Allowed Class 4 Claims, except the Maxwell

8    Morgan Unsecured Claim, are paid in full, the Reorganized Debtor may, but is not required to,

9    make payments of up to $5,000 per month to the holder of the Maxwell Morgan Unsecured

10   Claim.

11   **3.5    Class 5 – Equity Interests**.  Class 5 consists of all Equity Interests

12   outstanding as of the Effective Date.

13   **3.5.1    Impairment and Voting**.  Class 5 is unimpaired and holders of Equity

14   Interests are not entitled to vote on the Plan.

15   **3.5.2    Treatment**.  All legal, equitable, and contractual rights of holders of

16   Equity Interests with respect to their respective Equity Interests shall remain unaltered.

17                            **ARTICLE 4**
     **MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN**

18

19   **4.1    Effective Date Transactions**.  Cash payments on and after the Effective Date

     on account of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed

20   Priority Claims under the Plan, and any Cure required under Section 6.3 of the Plan, are made

21   from the Debtor's Cash.  The Debtor must reserve sufficient Cash on the Effective Date to make

22   all required payments on account of Administrative Claims, Priority Claims and Cure amounts.

23   All Cash not so reserved vests in Reorganized Debtor on the Effective Date.  Any Cash

24   remaining on reserve after all Administrative Claims, Priority Tax Claims, Priority Claims and

25

26

PAGE   12-   FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

Exhibit A to Order
Page 12 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1   Cure amounts have been either Disallowed or Allowed and paid in accordance with the Plan

2   vests in Reorganized Debtor.

3   **4.2      Amendment of Articles of Incorporation**.  Debtor shall amend its articles of

4   incorporation and bylaws as necessary to comply with the provisions of section 1123(a)(6) of the

5   Bankruptcy Code and otherwise in a manner not inconsistent with this Plan.

6   **4.3      Continuation of Business**.  From and after the Effective Date, the

7   Reorganized Debtor shall operate its business in a manner consistent with this Plan.

8   **4.4      Management and Operations**.

9   **4.4.1      Initial Board of Directors**.  The initial board of directors of Reorganized

10  Debtor as of the Effective Date is comprised of the following four directors: Rex Hansen, John

11  Ballinger, Brenda Baker, and Judy Henry.

12  **4.4.2      Initial Officers**.  The initial officers of Reorganized Debtor as of the

13  Effective Date are: (1) Rex Hansen, president; (2) John Ballinger, vice president; (3) Brenda

14  Baker, secretary; and (4) Judy Henry, treasurer.

15  **4.5      Plan Funding**.  This Plan will be funded by a combination of the Debtor's

16  Cash on hand as of the Effective Date and Cash that is collected or generated by the Reorganized

17  Debtor after the Effective Date.

18  **4.6      Preservation of Causes of Action and Avoidance Actions**.  Except as

19  otherwise provided in orders entered in the Bankruptcy Case, all Causes of Action and

20  Avoidance Actions are preserved and reserved for later adjudication in accordance with this

21  Plan, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res*

22  *judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or

23  otherwise) or laches will apply to those claims or causes of action on or after Confirmation or the

24  Effective Date.  The failure to specifically list or otherwise identify an Claim or Cause of Action

25  in this Plan or the Disclosure Statement:  (i) is not intended to effect, and to the extent permitted

26  by law will not be deemed to effect a release or waiver of such Claim or Cause of Action; and

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1   (ii) is not intended to impair, and to the extent permitted by law will not impair, the Reorganized

2   Debtor's right to pursue such an Claim or Cause of Action.

3       **4.7        Compensation of Professionals**.  All professionals employed after the

4   Effective Date by the Reorganized Debtor and prior to the closing of the Bankruptcy Case will

5   be paid by the Reorganized Debtor without the need for Bankruptcy Court approval.

6       **4.8        Performance of Plan Obligations by Reorganized Debtor.**  The

7   Reorganized Debtor shall: (i) in the exercise of its business judgment, review all Claims and, as

8   advisable, file objections, settle, compromise, withdraw, or litigate objections to Claims; (ii) in

9   the exercise of its business judgment, enforce, sue on, or settle and compromise Causes of

10  Action; (iii) serve as the disbursing agent, without bond, for purposes of making distributions to

11  Creditors and other in accordance with this Plan; and (iv) otherwise perform its obligations under

12  this Plan, in each case, as and when the same become due to be paid or performed.

13                              **ARTICLE 5**
                **PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED CLAIMS**

14

15      **5.1        Timing of Distributions**.  Except as otherwise provided for herein or ordered

    by the Bankruptcy Court, distributions under this Plan shall be made on the Effective Date and
16
    on each Distribution Date, or, in each case, as soon thereafter as is practicable.
17

18      **5.2        Form of Payment**.  Unless otherwise agreed by the Reorganized Debtor, each

    Cash distribution pursuant to this Plan will be made by check.  If the payee requests that
19
    distributions be made by electronic fund transfer, the payee shall be responsible for payment of
20
    any associated fees.
21

22      **5.3        Withholding Taxes**.  In connection with the Plan, the Reorganized Debtor

    shall comply with all applicable withholding and reporting requirements imposed by any federal,
23
    state, or local taxing authority.  Any federal, state, or local withholding taxes or other amounts
24
    required to be withheld under applicable law will be deducted from distributions made under the
25
    Plan.  All entities holding Claims shall provide Debtor or Reorganized Debtor with any
26

PAGE  14-   FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

Exhibit A to Order
Page 14 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1  information necessary to effect the withholding or reporting of such amounts.  The Reorganized

2  Debtor may make receipt of such information a condition for distribution of funds.

3      **5.4      Third Party Recoveries**.  To the extent that the holder of a Claim entitled to

4  payment under this Plan receives payment in full or in part on any amounts asserted against the

5  Debtor, such Claim shall be reduced by the amount of any such payment or distribution.

6      **5.5      Undeliverable or Unclaimed Distributions**.  For a period of 180 days after

7  any particular distribution is made pursuant to this Plan, distributions that are unclaimed,

8  including (i) checks that have been returned as undeliverable without a proper forwarding

9  address, and (ii) checks that were not mailed or delivered because of the absence of a proper

10  address to which to mail or deliver the same, will be distributed to the holders of Allowed Claims

11  entitled thereto upon presentment to the Reorganized Debtor of satisfactory proof of entitlement.

12  The Reorganized Debtor shall make a reasonable effort to ascertain the correct mailing address

13  from information generally available to the public for each holder of an Allowed Claim whose

14  check or other property cannot be mailed or delivered because of the absence of a proper address

15  or whose check has been returned without a proper forwarding address.  On the first day after the

16  expiration of such 180-day period: (i) holders of Allowed Claims previously entitled to such

17  undeliverable or unclaimed distribution are no longer entitled to such distribution, and (ii) such

18  Claims are deemed disallowed for all purposes, including any future distributions.  Pursuant to

19  section 347(b) of the Bankruptcy Code, all disbursements made under this Plan that remain

20  unclaimed as set forth herein will become property of the Reorganized Debtor.

21      **5.6      Time Bar to Cashing Distribution Checks**.  Reorganized Debtor may (but

22  shall not be obligated to) stop payment on any check issued by it in respect of Allowed Claims if

23  such check is not presented for payment within 60 days after the date of issuance thereof.  Any

24  request for reissuance of any check shall be made to the Reorganized Debtor in accordance with

25  this Plan, by the holder of the Allowed Claim to whom such check originally was issued, prior to

26  the expiration of the 180-day period set forth in Section 5.5 of this Plan.  After such date, the

PAGE  15-  FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1  holder of any such Claim who has failed to make a timely request for reissuance of such a voided

2  check shall not be entitled to any other or further distribution under this Plan on account of such

3  voided check or such Claim.

4      **5.7**        **Transmittal of Distributions and Notices**.  Any property or notices,

5  including distributions, that an entity is or becomes entitled to receive pursuant to this Plan may

6  be delivered by regular mail, postage prepaid, in an envelope addressed to that entity at the

7  address indicated on a properly Filed proof of claim or, absent such a proof of claim, the address

8  that is listed on the Schedules; *provided, however*, that a holder of a Claim may designate a

9  different address for notices and distributions by notifying the Reorganized Debtor of a change

10  of address in writing.  The new address shall be effective upon receipt by the Reorganized

11  Debtor of such notice.

12      **5.8**        **Disputed Claims**.  Except as otherwise provided in the Plan, after the

13  Effective Date, only the Reorganized Debtor has the authority to file objections to Claims (other

14  than Administrative Expense Claims), or to settle, compromise, withdraw, or litigate such

15  objections.  Except as otherwise specifically provided in the Plan or the Confirmation Order, all

16  objections to Claims other than Administrative Expense Claims must be Filed no later than

17  120 days after the Effective Date, unless such period is extended by order of the Bankruptcy

18  Court.

19      No disbursement shall be made on account of a Disputed Claim as to which an objection

20  has been interposed or as to which a counterclaim or setoff has been asserted, unless and until the

21  objection, counterclaim, or setoff is finally resolved and such Disputed Claim is Allowed.  Once

22  a Disputed Claim is Allowed, the Reorganized Debtor shall make distributions on such Claim on

23  the applicable Distribution Date.  To the extent that any distribution was not made because such

24  Claim was a Disputed Claim and not yet Allowed, the Reorganized Debtor shall make such

25  distribution at the same time as the next distribution, such that such Creditor will have received

26  all distributions it would have otherwise received if its Claim was Allowed on the Effective Date.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1      **5.9**        **Disputed Distributions**.  If any dispute arises as to the identity of a holder of

2  an Allowed Claim who is to receive any distribution under this Plan, the Reorganized Debtor

3  shall not make any distributions on account of such Claim, but shall reserve funds for such

4  distributions until the identity of the holder is determined by order of the Bankruptcy Court or by

5  written agreement among the interested parties to such dispute.

6      **5.10**      **Limitations on Filing or Amending Claims After the Confirmation Date**.

7  Except as otherwise provided in the Plan, after the Confirmation Date, a proof of claim may be

8  amended by the holder of such Claim solely to decrease, but not to increase, the amount of such

9  Claim.  Except as otherwise provided in this Plan and in the immediately preceding sentence,

10  any proof of claim (whether Filed to assert a new Claim or to amend a previously Filed proof of

11  claim) Filed after the Confirmation Date is deemed disallowed in full and expunged without any

12  action by the Reorganized Debtor.

13  **ARTICLE 6**<br>**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

14      **6.1**        **General Assumption of Executory Contracts and Unexpired Leases**.  All

15  executory contracts and unexpired leases designated on **Exhibit 2** to the Plan as assumed are

16  assumed as of the Effective Date, except for any executory contract or unexpired lease: (i) that

17  has been rejected in accordance with a Final Order entered before the Confirmation Date; or

18  (ii) as to which a motion to reject has been filed with the Bankruptcy Court before the

19  Confirmation Date.

20      **6.2**        **Rejection of Executory Contracts and Unexpired Leases**.  All executory

21  contracts and unexpired leases either (i) designated on **Exhibit 2** to the Plan as rejected, or (ii)

22  existing but not listed on Exhibit 2 to the Plan, are rejected as of the Effective Date, except for

23  any executory contract or unexpired lease that has been assumed or rejected in accordance with a

24  Final Order entered on or before the Confirmation Date.

25

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

6.3 **Cure of Assumed Contracts and Leases**. On the Effective Date or as soon after as is feasible, the Debtor must Cure any defaults under any executory contract or unexpired lease assumed under the Plan. Any monetary Cure required for the assumption of a particular contract or lease is indicated on Exhibit 2 to the Plan. Any non-Debtor party to any such contract or lease that disputes the amount of Cure indicated on Exhibit 2 to the Plan must file a written objection with the Bankruptcy Court no later than the deadline for objecting to confirmation of the Plan. Any such objections not raised in that manner are waived. The Debtor will not, and need not as a condition to assuming any executory contract or unexpired lease under the Plan, Cure any default that need not be cured under Bankruptcy Code § 365(b).

6.4 **Rejection Claims Bar Date**. All Rejection Claims must be filed on or before the thirtieth Business Day following the Confirmation Date; and any Rejection Claim filed after such date is forever barred. All Rejection Claims are Class 4 Unsecured Claims under the Plan. With respect to any executory contract or unexpired lease rejected by the Debtor before the Confirmation Date, the deadline for filing a Rejection Claim remains the deadline set forth in the order of the Bankruptcy Court authorizing that rejection. If the order did not contain such a deadline, the deadline for filing a Rejection Claim is the thirtieth Business Day following the Confirmation Date.

## ARTICLE 7
## CONDITIONS PRECEDENT TO EFFECTIVE DATE

7.1 **Conditions Precedent to the Effective Date**. The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with section 7.2 of the Plan:

7.1.1 **Confirmation**. The Bankruptcy Court has entered the Confirmation Order, in form and substance reasonably satisfactory to the Debtor. The Confirmation Order must: (i) find that this Plan complies with all applicable requirements of the Bankruptcy Code, (ii) decree that the Confirmation Order supersedes any Court orders issued prior to the

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222
114796-0001/LEGAL126090514.4

1  Confirmation Date that may be inconsistent therewith, (iii) decree that, except as otherwise

2  provided in this Plan or in the Confirmation Order, all transfers of property contemplated under

3  this Plan are free and clear of all Claims, security interests, liens, encumbrances and other

4  interests of holders of Claims and Equity Interests, and (iv) provide that any and all executory

5  contracts and unexpired leases that are assumed pursuant to this Plan shall remain in full force

6  and effect for the benefit of the Reorganized Debtor, in each case, notwithstanding any provision

7  in any such contract or lease or in applicable law (including those described in sections 365(b)(2)

8  and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such transfer or that

9  enables or requires termination or modification of such contract or lease; and (v) authorize the

10  Debtor to take all actions necessary or appropriate to enter into, implement and consummate the

11  contracts, instruments, releases, leases, indentures and other agreements or documents created in

12  connection with this Plan.

13       **7.1.2**    **No Stay**.  No stay of the Confirmation Order is in effect at the time the

14  other conditions set forth in this section 7.1 have been satisfied or waived.

15       **7.1.3**    **Collateral Documents**.  All documents, instruments and agreements, each

16  in form and substance satisfactory to the Debtor, provided for under or necessary to implement

17  this Plan, have been executed and delivered by the parties thereto, unless such execution or

18  delivery has been waived by the party to be benefited thereby.

19       **7.2**    **Waiver of Conditions**.  The Debtor may waive any of the conditions to the

20  effectiveness of this Plan set forth in section 7.1 hereof.

21       **7.3**    **Notice of Effective Date**.  On the first Business Day after the Confirmation

22  Date on which all conditions to effectiveness of this Plan are satisfied or waived, or as soon

23  thereafter as is reasonably practicable, the Reorganized Debtor shall file with the Bankruptcy

24  Court a notice that states the date on which the Effective Date occurred.  This Plan is to be

25  deemed to be effective as of 12:01 a.m. (prevailing Pacific Time) on the Effective Date set forth

26  in such notice Filed with the Bankruptcy Court.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

## ARTICLE 8
## EFFECT OF CONFIRMATION

**8.1     Effect of Appeals**.  Notwithstanding the pendency of an appeal from the Confirmation Order or the timely service and filing of a motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024, the Debtor may, but is not be required to, consummate this Plan, unless the Confirmation Order is stayed pending appeal.

**8.2     Binding Effect**.  On the Effective Date, pursuant to section 1141(a) of the Bankruptcy Code, the provisions of this Plan are binding upon the Debtor, the Reorganized Debtor, all Creditors and all holders of Equity Interests, including each of their respective heirs, legal representatives, successors and assigns, whether or not they accept this Plan.

**8.3     Revesting of Property**.  Except as otherwise provided in the Plan or in the Confirmation Order, on the Effective Date, pursuant to sections 1123(a)(5) and 1141 of the Bankruptcy Code, all property of the Estate will vest in the Reorganized Debtor, free and clear of all liens, Claims, charges, encumbrances, and other interests of Creditors and holders of Equity Interests.  As of the Effective Date, the Reorganized Debtor may use and dispose and otherwise deal with such property and may conduct its affairs, in each case, without supervision of the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by this Plan or the Confirmation Order.

**8.4     Discharge**.  Except as otherwise provided in the Plan or in the Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, the Debtor and the Reorganized Debtor, and each of them, are discharged from all liability on any and all Claims that arose before the Confirmation Date; provided, however, that that to the extent that the Class 3 Claim and the Maxwell Morgan Unsecured Claim within Class 4 do not receive full payment prior to the sixtieth month following the Effective Date, such Claims shall not be so discharged..  This discharge is effective on the Effective Date as to each such Claim, regardless

PAGE  20-   FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1  whether: (i) a proof of claim is filed or deemed filed; (ii) the Claim is an Allowed Claim under

2  the Plan; or, (iii) the holder of the Claim votes to accept or reject the Plan.

3      **8.5      Term of Injunction or Stays**.  Unless otherwise provided herein, any

4  injunction or stay arising under or entered during the Bankruptcy Case under sections 105 or 362

5  of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain

6  in full force and effect until the Effective Date.

7      **8.6      Exculpation**.  Neither the Debtor, nor any of its respective officers, directors,

8  members, representatives or agents who served as such during this Bankruptcy Case, shall have

9  or incur any liability to any Entity for any act or omission in connection with or arising out of the

10  negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the

11  Disclosure Statement, the consummation of this Plan, the transactions contemplated and

12  effectuated by this Plan, the administration of this Plan or any other act or omission during the

13  administration of this Bankruptcy Case or the Debtor's estate.  Notwithstanding the foregoing,

14  Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not

15  waived or released in any manner by this Plan.  In all respects, the Debtor will be entitled to rely

16  upon the advice of counsel with respect to its duties and responsibilities under this Plan.

17      **8.7      Effect on Insurance Policies**.  Except as otherwise provided in the next

18  sentence, and notwithstanding anything to the contrary contained elsewhere in the Plan

19  (including any provision herein that purports to be preemptory or supervening,) the respective

20  rights, obligations and defenses of the insured and insurer under each insurance policy issued to

21  the Debtor or under the agreements related to such policies shall be unaffected by this Plan.  Any

22  and all Claims of the insurers based on policies issued before the Petition Date, whether such

23  Claims arise under the policy documents or otherwise, shall be discharged under section 8.4

24  herein, and be classified as Class 4 Claims under the Plan.

25

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**ARTICLE 9**
**MISCELLANEOUS PROVISIONS**

9.1     **Withdrawal or Revocation**.  The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date.  If the Plan is revoked or withdrawn, or if the Confirmation Date does not occur, the Plan has no force and effect and in such event nothing contained herein will be deemed to constitute a waiver or release of any Claims by or against the Estate or any other entity, or to prejudice in any other manner the rights of the Debtor, the Estate, or any other entity in further proceedings involving the Debtor and specifically will not modify or affect the rights of any party under any prior orders of the Bankruptcy Court.

9.2     **Modifications**.  The Debtor reserves the right to alter, amend, or modify the Plan prior to the entry of the Confirmation Order.  After entry of the Confirmation Order (whether or not the Plan has been substantially consummated), upon order of the Bankruptcy Court after notice and a hearing, the Debtor or Reorganized Debtor, as the case may be, may alter, amend, or modify the Plan, in accordance with the provisions of section 1127(b) of the Bankruptcy Code, or may remedy any defect or omission or reconcile any inconsistency in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of this Plan so long as the interests of claimants are not materially and adversely affected.

9.3     **Retention of Jurisdiction**.  The Bankruptcy Court will retain jurisdiction over all matters arising out of or related to the Bankruptcy Case and this Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code until the Effective Date.  From and after the Effective Date, until this Plan has been fully administered, including after the closing of the Bankruptcy Case by the Bankruptcy Court pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Bankruptcy Court will retain and have jurisdiction over the Debtor, the Estate, the Reorganized Debtor, and the Bankruptcy Case for the purposes of

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1 determining all matters presented by or arising under this Plan, including, without limitation,

2 jurisdiction to:

3    (a) enforce and administer the provisions of this Plan, including taking any

4 action to enforce this Plan, and issue such orders as may be necessary for the implementation,

5 execution and consummation of this Plan and the determination of any and all disputes arising

6 under or in connection with this Plan;

7    (b) determine the allowance or classification of Claims and determine any

8 objections or disputes thereto;

9    (c) determine any and all applications, motions, adversary proceedings, and

10 contested matters pending before the Bankruptcy Court as of the Effective Date or arising in or

11 related to the Bankruptcy Case or this Plan;

12    (d) determine any and all Fee Claims incurred in this Bankruptcy Case;

13    (e) determine any other request for payment of Administrative Claims;

14    (f) correct any defect, cure any omission or reconcile any inconsistency in

15 this Plan or the Confirmation Order as may be necessary to carry out the provisions, purposes

16 and intent of this Plan;

17    (g) approve and confirm any modification of this Plan;

18    (h) enter and implement such orders as may be appropriate if the

19 Confirmation Order is for any reason stayed, revoked, modified, or vacated;

20    (i) consider the compromise and settlement of any Claim against the Debtor

21 or the Estate;

22    (j) determine such other matters as may be provided for in the Confirmation

23 Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or

24 any other applicable law;

25    (k) enforce all orders, judgments, injunctions, releases, exculpations,

26 indemnifications, and rulings entered in connection with the Bankruptcy Case;

PAGE 23- FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

1      (l)      enforce, interpret and administer the provisions of this Plan, including, but

2  not limited to, the provisions relating to the distributions to be made hereunder and to the transfer

3  of any property hereunder;

4      (m)      determine matters concerning federal, state or local taxes in accordance

5  with sections 346, 505 and 1146 of the Bankruptcy Code;

6      (n)      issue and enter such orders, consistent with sections 1142 and 105(a) of

7  the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete

8  implementation of this Plan; and

9      (o)      enter a final decree closing the Bankruptcy Case.

10     **9.4      Election Pursuant to Section 1129(b) of the Bankruptcy Code**.  The Debtor

11  hereby requests confirmation of this Plan pursuant to section 1129(b) of the Bankruptcy Code if

12  the requirements of all provisions of section 1129(a) of the Bankruptcy Code, except

13  paragraph (a)(8) thereof, are met with regard to this Plan.  In determining whether the

14  requirements of section 1129(a)(8) of the Bankruptcy Code have been met, any Class that does

15  not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under

16  Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing acceptances or

17  rejections of this Plan will be deemed deleted from this Plan for purposes of voting to accept or

18  reject this Plan and for purposes of determining acceptance or rejection of this Plan by such

19  Class.

20     **9.5      Consummation of the Plan**.  The Debtor reserves the right to request that the

21  Confirmation Order include (i) a finding by the Bankruptcy Court that Bankruptcy Rule 3020(e)

22  shall not apply to the Confirmation Order, and (ii) the Bankruptcy Court's authorization for the

23  Debtor to consummate this Plan immediately after entry of the Confirmation Order.

24     **9.6      Exemption from Transfer Taxes**.  Pursuant to section 1146(a) of the

25  Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance,

26  or in connection with this Plan, whether occurring prior or subsequent to the Confirmation Date,

PAGE  24-   FOURTH AMENDED PLAN OF REORGANIZATION

114796-0001/LEGAL126090514.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit A to Order
Page 24 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1 including any deeds, bills of sale or assignments executed in connection with any disposition of

2 assets contemplated by this Plan, is not be subject to any stamp tax, real estate transfer tax,

3 excise tax, sales tax, use tax or other similar tax.

4 **9.7** **Waivers**. Except as otherwise provided in this Plan or in the Confirmation

5 Order, any term of this Plan may be waived by the party benefited by the term to be waived.

6 **9.8** **Setoffs, Recoupments and Defenses**. Nothing contained in this Plan shall

7 constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or

8 recoupment, or of any defense, they may have with respect to any Claim (including, without

9 limitation, rights under section 502(d) of the Bankruptcy Code). Except as otherwise provided in

10 this Plan, in the Confirmation Order or in agreements previously approved by a Final Order, the

11 Reorganized Debtor may, but are not required to, set off against any Claim or any distributions

12 with respect to such Claim any and all of the claims, rights and Causes of Action of any nature

13 that the Debtor or the Reorganized Debtor, as applicable, may hold against the holder of such

14 Claim; provided, however, that neither the failure to effect such a setoff, the allowance of any

15 Claim, the payment of any distribution hereunder or any other action or omission of the Debtor

16 or the Reorganized Debtor, as applicable, nor any provision of this Plan, constitutes a waiver or

17 release by the Debtor or the Reorganized Debtor, as applicable, of any such claims, rights and

18 Causes of Action that the Debtor or the Reorganized Debtor, as applicable, may possess against

19 such holder.

20 **9.9** **Cancellation of Documents Evidencing Unsecured Claims**. As of the

21 Effective Date, any note, agreement, instrument or other document evidencing an Unsecured

22 Claim in an impaired Class shall be deemed cancelled, null and void, except for the right, if any,

23 to receive distributions under this Plan; provided, however, that this section 9.9 shall not apply to

24 the Class 3 Claim and the Maxwell Morgan Unsecured Claim within Class 4 and the documents

25 supporting such Claims to the extent that such Claims do not receive full payment prior to the

26 sixtieth month following the Effective Date.

PAGE 25- FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**9.10** **No Retiree Benefits**. The Debtor is not obligated to provide retiree benefits

within the meaning of section 1114(a) of the Bankruptcy Code. Thus, section 1129(a)(13) of the

Bankruptcy Code does not apply to this Plan.

**9.11** **Closing of the Bankruptcy Case**. As soon as practicable after the Effective

Date, when the Reorganized Debtor deems appropriate, it shall seek authority from the

Bankruptcy Court to close the Bankruptcy Case in accordance with the Bankruptcy Code and the

Bankruptcy Rules; *provided, however*, that entry of a final decree closing the Bankruptcy Case

shall, whether or not specified therein, be without prejudice to the right of the Reorganized

Debtor or other party in interest to reopen the Bankruptcy Case for any matter over which the

Bankruptcy Court has retained jurisdiction under this Plan.

**9.12** **Compromise of Controversies**. Pursuant to Bankruptcy Rule 9019, and in

consideration for the classification, distributions and other benefits provided under this Plan, the

provisions of this Plan constitute a good faith compromise and settlement of all Claims or

controversies resolved pursuant to this Plan. The entry of the Confirmation Order shall

constitute the Bankruptcy Court's approval of each of the compromises and determination that

such compromises and settlements are in the best interest of the Debtor and the Estate. The

Debtor expressly reserves the right (with Court approval, following appropriate notice and

opportunity for a hearing) to compromise and settle other Claims and Causes of Action up to and

including the Effective Date.

**9.13** **Payment of Statutory Fees**. The Reorganized Debtor will be responsible for

timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the Bankruptcy Case is

closed, converted, or dismissed. After Confirmation, the Reorganized Debtor shall file a

monthly financial report for each month, or portion thereof, that the Bankruptcy Case remains

open. The monthly financial report will include a statement of all disbursements made during

the course of the month by the Reorganized Debtor, whether or not pursuant to this Plan.

PAGE 26- FOURTH AMENDED PLAN OF REORGANIZATION

114796-0001/LEGAL126090514.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit A to Order
Page 26 of 33

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

1    **9.14    Notices to Reorganized Debtor**.  All notices, requests, demands or other

2    communications in connection with or required to be given under this Plan, if any, will be in

3    writing and will be sent by: (i) certified first class mail, return receipt requested, postage prepaid

4    (deemed given when received as noted on return receipt); (ii) overnight courier, freight prepaid,

5    receipt requested (deemed given when received as noted on receipt); (iii) facsimile (deemed

6    given when received as noted on confirmation report); or (iv) hand delivery, receipt requested

7    (deemed given when received as noted on receipt):

8        If to the Reorganized Debtor, to:    Fagerdala USA - Lompoc, Inc
    11560 SW 67th Ave., Suite 200W
9        Portland, OR  97223
    Attn: Rex Hansen
10

11       With a copy to:    Perkins Coie LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
12       Phone:  (503) 727-2000
    Fax:  (503) 727-2222
13       Attn: Douglas R. Pahl

14   Either of the above parties may, from time to time, change its address for future notices and other

15   communications hereunder by filing a notice of the change of address with the Bankruptcy

16   Court.

17       **9.15    Default**.  Except as otherwise provided in the Plan or in the Confirmation

18   Order, in the event that the Reorganized Debtor defaults in the performance of any of its

19   obligations under the Plan and has not cured such a default within any applicable cure period (or,

20   if no cure period is specified under the Plan, then within 30 days after receipt of written notice of

21   default from the Creditor to whom performance is due), then the entity to whom the performance

22   is due may pursue such remedies as are available at law or in equity.  An event of default

23   occurring with respect to one Claim is not an event of default with respect to any other Claim.

24       **9.16    Headings**.  The headings of the articles, sections and subsections of this Plan

25   are inserted for convenience only and will not affect the interpretation hereof.

26

PAGE  27-   FOURTH AMENDED PLAN OF REORGANIZATION

*Perkins Coie* LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

1     **9.17**     **Governing Law**.  Except to the extent that the Bankruptcy Code is applicable

2 and preempts state law, the rights and obligations arising under this Plan will be governed by,

3 and will be construed and enforced in accordance with, the laws of the State of Oregon without

4 regard to choice of law rules.

5     **9.18**     **Computation of Time Periods**.  In computing any period of time prescribed

6 or allowed by this Plan, unless otherwise expressly provided herein, the provisions of

7 Bankruptcy Rule 9006(a) will apply.

8     **9.19**     **Successors and Assigns**.  The Plan is binding upon and inures to the benefit

9 of the Debtor, the Reorganized Debtor, Creditors, holders of Equity Interests, and all other

10 parties in interest affected thereby and their respective successors, heirs, legal representatives,

11 and assigns.

12     **9.20**     **Exhibits and Schedules**.  All exhibits and schedules to this Plan are

13 incorporated into and are part of this Plan as if set forth in full herein.

14     WHEREFORE, the Debtor requests entry of an order granting the relief requested herein

15 and such other and further relief as is just and proper under the circumstances.

16

17 DATED:  September 11, 2015          **PERKINS COIE** LLP

18

19                      By: /s/ Douglas R. Pahl

                        Douglas R. Pahl, OSB No. 950476

                        DPahl@perkinscoie.com

20                      1120 N.W. Couch Street, Tenth Floor

21                      Portland, OR  97209-4128

                     Telephone:  503.727.2000

22                      Facsimile:  503.727.2222

23                      Attorneys for Debtor

                     Fagerdala USA - Lompoc, Inc.

24

25

26

PAGE  28-   FOURTH AMENDED PLAN OF REORGANIZATION

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

114796-0001/LEGAL126090514.4

Exhibit A to Order
Page 28 of 33

Case 14-34642-tmb11     Doc 188     Filed 09/22/15

**EXHIBIT 1**

**Loan Modification**

# LOAN MODIFICATION

THIS LOAN MODIFICATION is entered into as of the Effective Date, as defined below, by and among FAGERDALA USA – LOMPOC INC., a California corporation ("Borrower"), and COASTLINE RE HOLDINGS CORP., a California corporation ("Lender").

## RECITALS

**A.** On or about December 17, 2003, Foothill Independent Bank ("Original Lender") made a $4,030,000.00 loan (the "Loan") to Borrower. The Loan is evidenced by that certain Promissory Note dated December 17, 2003, in the principal amount of $4,030,000.00, payable to the order of Original Lender (the "Note").

**B.** The terms of the Loan have been modified by that certain Forbearance and Modification Agreement dated June 27, 2011, and further modified by Modifications #1, 2, and 3 thereto, dated June 27, 2012; September 14, 2012; and August 30, 2013, respectively (collectively the "Modifications").

**C.** Performance of Borrower's obligations under the Note is secured by that certain Deed of Trust dated December 17, 2003, and recorded in the public records of Santa Barbara County, California on December 31, 2003, as document number 2003-0172587 (the "Trust Deed"), and that certain Assignment of Rents dated December 17, 2003, and recorded in the public records of Santa Barbara County, California on December 31, 2003, as document number 2003-0172588 (the "Assignment of Rents").

**D.** Original Lender assigned all of its right, title, and interest in the Loan and the Loan Documents, as defined below, to Pacific Western Bank, which in turn assigned all of its right, title, and interest in the Loan and the Loan Documents to Lender, and Lender is currently the sole holder of the Note and sole beneficiary of the Trust Deed.

**E.** Borrower and Lender desire to amend the Loan pursuant to the terms of the confirmed Plan of Reorganization (the "Plan") in *In re Fagerdala USA – Lompoc, Inc.*, U.S. Bankruptcy Court, District of Oregon Case Number 14-34642-tmb11 (the "Bankruptcy Case"), as approved by the Court in the Order Confirming Fourth Amended Plan of Reorganziation (the "Confirmation Order").

NOW, THEREFORE, as ordered by the Bankruptcy Court pursuant to the Confirmation Order and as set forth in section 3.1.2 (a) of the Plan, and in consideration of the mutual covenants and promises of the parties contained herein, Borrower and Lender hereby agree as follows:

**1.** **Definitions.** All capitalized terms used herein and not otherwise defined herein shall have the meaning attributed to them in the Note. The following words and

LOAN MODIFICATION
114796-0001/LEGAL127655833.2

PAGE 1

Exhibit A to Order
Page 30 of 33

Exhibit 1 to Plan
Page 1 of 3

Case 14-34642-tmb11    Doc 188    Filed 09/22/15

phrases shall have the meanings set forth below when used in initially capitalized form in this Loan Modification:

"Bankruptcy Court" means the U.S. Bankruptcy Court for the District of Oregon.

"Effective Date" means the date defined as the Effective Date in article I of the Plan.

"Loan Documents" means the Note, the Modifications, the Trust Deed, the Assignment of Rents, and each other agreement, note, notice, document, contract or instrument in connection with the Loan existing as of the Effective Date, other than the rights and obligations of third parties under any guaranty.

2.   **Promise to Pay.**  The paragraph entitled "Promise to Pay" on page 1 of the Note is stricken and replaced with the following:

Fagerdala USA – Lompoc, Inc. ("Borrower") promises to pay to Coastline RE Holdings Corp. ("Lender"), or order, in lawful money of the United States of America, the principal amount of the amount of Coastline's allowed secured claim as of the Effective Date, together with interest at the rate of 6.25% per annum on the unpaid principal balance from the Effective Date, until paid in full.

3.   **Payment.**  The paragraph entitled "Payment" on page 1 of the Note is stricken and replaced with the following:

Borrower shall pay (on or before the fifth Business Day of each month) interest-only payments commencing the first month following the Effective Date, and continuing through and including the 18th month following the Effective Date.  Beginning the 19th month following the Effective Date, Borrower shall pay (on or before the fifth Business Day of each month) the amount that is necessary to fully amortize the remaining principal amount of Loan, in equal monthly installments of principal and interest, over a period of twenty years.  On or before the last Business Day of the 60th month following the Effective Date, Borrower shall pay the entire unpaid balance of principal and interest owing on the Loan.

4.   **Prepayment.**  The paragraph entitled "Prepayment Fee" on page 1 of the Note is stricken.  Borrower may prepay the Loan, in full or in part, at any time without premium or penalty.

5.   **Additional Interest Rate Provision.**  The paragraph entitled "Additional Interest Rate Provision" on page 2 of the Note is amended as follows:

The first sentence is stricken and replaced with the following: "Borrower agrees that the interest rate shall be fixed through and including the 60th month following the Effective Date."

The second and third sentences are stricken.

LOAN MODIFICATION                                                                                      PAGE 2
114796-0001/LEGAL127655833.2
                                                      Exhibit A to Order                    Exhibit 1 to Plan
                                                        Page 31 of 33                        Page 2 of 3
                          Case 14-34642-tmb11    Doc 188    Filed 09/22/15

6.      __Waiver of Past Defaults__.  Any Event of Default that has occurred prior to the Effective Date is hereby waived and any previous acceleration of the Loan is hereby rescinded.  Notwithstanding any provision of the Note (i) the continuation of the Bankruptcy Case following the Effective Date does not constitute an Event of Default, and (ii) any revesting of the Real Property that results from the confirmation of the Plan does not constitute a "sale or transfer" for purposes of the due-on-sale provision referenced on page 2 of the Note.

7.      __Effect on Guaranties__.  Nothing herein affects Lender's rights against guarantors or other third parties or the rights of guarantors or other third parties against Coastline; provided, however, that any costs and expenses incurred after the Effective Date shall not be recoverable from Borrower.

8.      __Supersedes Inconsistent Provisions.__  In the event of any conflict or inconsistency between the terms of this Loan Modification and any term of any Loan Document, the terms of this Loan Modification shall control.

9.      __Ratification.__  Except as otherwise provided in this Loan Modification, all of the provisions of the Loan Documents are hereby ratified and confirmed and shall remain in full force and effect.

10.      __Effectiveness.__  This Loan Modification shall be effective without signature.

LOAN MODIFICATION                                                    PAGE 3
114796-0001/LEGAL127655833.2

Exhibit A to Order                    Exhibit 1 to Plan
Page 32 of 33                         Page 3 of 3
Case 14-34642-tmb11     Doc 188     Filed 09/22/15

# EXHIBIT 2

## Executory Contracts and Unexpired Leases

| Non-Debtor Party | Contract Description | Treatment | Cure Amount |
|---|---|---|---|
| Den Mat Holdings | Lease of real property in Lompoc, CA (as transferred to Debtor pursuant to the "Transfer of Sublease Agreement" dated October 1, 2012, as amended) | Assumed | $0 |

I hereby certify that I served the foregoing Notice of Appeal and Statement of

Election on

Douglas R. Pahl
DPahl@perkinscoie.com

by the following indicated method or methods:

☐     by **faxing** full, true, and correct copies thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.  The receiving fax machine was operating at the time of service, and the printed confirmation of receipt of the fax transmission, as generated by the transmitting machine, is attached.

☐     by **mailing** full, true, and correct copies thereof in sealed, first-class postage-prepaid envelopes, addressed to the attorneys as shown above, the last-known office addresses of the attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☒     by transmitting full, true, and correct copies thereof to the attorney through the court's **Cm/ECF system** on the date set forth below.

☐     by transmitting full, true, and correct copies thereof by **electronic means** to the attorney at the attorney's last-known e-mail address listed above on the date set forth below.  Unless otherwise agreed to by the parties, the transmission was made in Word or WordPerfect format.

☐     by sending full, true, and correct copies thereof via **overnight courier** in sealed, prepaid envelopes, addressed to the attorneys as shown above, the last-known office addresses of the attorneys, on the date set forth below.

**Page 1 of 2**    Certificate of Service

70050603.2
226900.0008
9/22/15 1:11 PM

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

☐ by causing full, true, and correct copies thereof to be **hand-delivered** to the attorneys at the attorneys' last-known office addresses listed above on the date set forth below.

DATED this 22nd day of September, 2015.


/s/ Teresa H. Pearson
Teresa H. Pearson, P.C.
Oregon State Bar No. 953750
David W. Hercher, P.C.
Oregon State Bar No. 812639

Of Attorneys for Appellants, Pacific
Western Bank and Coastline RE
Holdings Corp.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70050603.2
226900.0008
9/22/15 1:11 PM